UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE E. CISNEROS,<br><br>Plaintiff,<br><br>v.<br><br>TACO BURRITO KING 4, INC., TACO BURRITO KING 5, INC., TACO BURRITO KING 7, INC., TACO BURRITO KING 12, INC., TACO BURRITO KING 14, INC., and URIEL LAMAS,<br><br>Defendants. | No. 13 CV 6968<br>Judge James B. Zagel |

# MEMORANDUM OPINION AND ORDER

On September 27, 2013, Plaintiff Jose E. Cisneros filed a complaint against Defendants Taco Burrito King 4, Inc., Taco Burrito King 5, Inc., Taco Burrito King 7, Inc., Taco Burrito King 12, Inc., Taco Burrito King 14, Inc., and Uriel Lamas alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. and the Illinois Minimum Wage law, 820 ILCS 105/12(a) and seeking overtime wages. Before the court is Defendants' motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## I. BACKGROUND

Uriel Lamas is the President of Taco Burrito King 4, Inc., Taco Burrito King 5, Inc., Taco Burrito King 7, Inc., Taco Burrito King 12, Inc., and Taco Burrito King 14, Inc., an enterprise of Illinois corporations engaged in the production of goods for commerce and operation of a chain of Mexican restaurants. At all relevant times, Defendants employed Plaintiff Jose E. Cisneros as a cook. Plaintiff worked in excess of forty hours per week, but was not paid overtime wages.

1

On September 27, 2013, Plaintiff filed a Complaint alleging that Defendants failure to compensate him for overtime wages was in violation of the Fair Labor Standards Act ("FLSA"), 29 USC 201 et seq. and the Illinois Minimum Wage law, 820 ILCS 105/12(a) for overtime wages.  Plaintiff seeks a judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for overtime hours, damages, reasonable attorneys' fees, and any other relief this Court deems appropriate and just.

On November 14, 2013, Defendants sent Plaintiff a letter ("Offer Letter") to "fully satisfy Mr. Cisneros' claims" pursuant to applicable laws for full relief of claims alleged in his Complaint, including liquidated damages, costs, and reasonable attorneys' fees.  Def. Mem. Ex. C.  On the same day, Defendants filed a motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff's claims had become moot subsequent to Defendants' offer of complete relief.  On December 13, 2013, Plaintiff filed a motion for conditional certification and issuance of notice to similarly situated persons, as well as a response to Defendants' motion to dismiss contesting the completeness of Defendants' offer.

## II. STANDARD OF REVIEW

Article III of the United States Constitution confers on the federal courts jurisdiction over cases and controversies.  Both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety.  *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994).  A case becomes moot when one of the parties loses his personal interest in the outcome of the suit.  *Id*.  Therefore, once a defendant offers to satisfy the plaintiff's entire demand, a plaintiff loses the controversy necessary to support jurisdiction. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991).  The plaintiff that refuses to

acknowledge that there remains no dispute over which to litigate loses outright because he has no remaining stake. *Id*.

Where a plaintiff seeks to represent a class of individuals with similar claims, the application of this doctrine is more complicated. *Holstein*, 29 F.3d at 1147. In such a case, mootness is avoided "if the district court has certified the class before the expiration of the plaintiff's claims." *Id.*

### III. DISCUSSION

Defendants move to dismiss the action on the grounds that Defendants' offer to satisfy Plaintiff's entire demand moots Plaintiff's claim. Defendants further contend that because Plaintiff's claims became moot before a class was conditionally certified and before any additional class members opted-in, no justiciable dispute exists and this action must be dismissed. Plaintiff advances three arguments in his favor. First, Plaintiff argues that Defendants did not offer complete relief because Defendants' offer failed to correctly calculate overtime wages, improperly deducted a meal credit, and did not provide punitive damages. Second, Plaintiff contends that Defendants failed to make an offer in adherence with Federal Rules of Civil Procedure 68. Third, Plaintiff argues that his Motion for Conditional Certification saves his claim from mootness.

1.  *Defendants' offer afforded complete relief*

Plaintiff's first argument is that Defendant failed to make an offer affording complete relief. A complete offer, by giving the plaintiff the equivalent of a default judgment, eliminates a legal dispute upon which federal jurisdiction can be based. *Id.* at 1147 (court found plaintiff's claim satisfied where it was uncontested that defendant's offer adequately reimbursed him and was sincere); *Rand*, 926 F.2d at 597-98. While a plaintiff may not refuse a defendant's valid

offer providing complete relief merely to preserve his interest, rejection of an offer of less than the complete relief sought will not make a claim moot. *Greisz v. Household Bank (Illinois)*, 176 F.3d 1012, 1015 (7th Cir. 1999). To that end, an offer is not complete simply because a defendant tenders everything he *admits* is due based on the assumption that his legal position is sound. *Gates v. Towery*, 430 F.3d 429, 432 (7th Cir.2005). Such an offer that fails to satisfy the plaintiff's demands does not eliminate the controversy to make a suit moot. *Id.* at 432. Rather, mootness occurs when no more relief is possible. *Id.* at 431-32.

Defendants' offer, submitted on November 14, 2013, provided that it would pay Plaintiff's overtime wages for the past three years and liquidated damages in the amount of $4,233.42, and reasonable attorneys' fees and costs incurred by Plaintiff in connection with this case, to be determined, if necessary, by a court. Defendants provided a summary of estimated hours and wages owed Plaintiff, and additionally reserved that "if upon review of the records, [Plaintiff] establishes that additional sums are owed to Mr. Cisneros for time worked or overtime, [Defendants] will adjust [their] offer accordingly." Def. Mem. Ex. C, Offer Letter. Plaintiff first disputed that Defendants' offer was complete on December 13, 2013 in his Response to Defendants' Motion to Dismiss. Specifically, Plaintiff contended that Defendants' offer was incomplete because they were not entitled to deduct from Plaintiff's wages a meal credit absent a showing that the cost was reasonable and the deductions were voluntary and not coerced.

Plaintiff relies on *Gates v. Towery* and *Van Tassell v. United Mktg. Gp.* to support his contention that the allegedly improper deductions from wages left Defendants' offer insufficient to satisfy Plaintiff's "entire demand" and eliminate the controversy to make the present suit moot. *Gates,* 430 F.3d at 431; *Van Tassell v. United Mktg. Gp.*, 795 F.Supp.2d 770, 777-78

4

(N.D.Ill. 2011). In *Gates,* the defendants' proffered relief was found incomplete where the offer failed to include damages or attorneys' fees and defendants contested that it owed any further relief. *Id*. Similarly, in *Van Tassell*, the defendants' offer failed to satisfy the entire demand sought by the plaintiffs because the offer only included a reimbursement for subscription fees and failed to include damages, costs, interest, or attorneys' fees. 795 F.Supp., at 77. Unlike *Gates* and *Van Tassell*, Defendants' offer includes the provision of damages, attorneys' fees, and costs—and, moreover, a concession to adjust Defendants' offer to provide additional relief that Plaintiff establishes he is owed. Plaintiff has not alleged that he sought and was refused additional relief for the allegedly improper meal credit taken by Defendant. Defendants have made a complete offer to satisfy Plaintiff's entire demand.

The rule in the Seventh Circuit is clear: "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand*, 926 F.2d at 598; *Manzanares v. Landscape Concepts Management, Inc.*, 2012 U.S. Dist. LEXIS 58122, at *2 (N.D.Ill. April 26, 2012).

*2.   Defendants' offer was not deficient*

Second, Plaintiff incorrectly contends that Defendants' November 14, 2013 Letter was a deficient offer of judgment under Federal Rule of Civil Procedure 68. Plaintiff argues that, consequently, he did not receive an offer for complete relief removing controversy from the present case. Defendants argue that they did not make and were not obligated to make a Rule 68 Offer of Judgment in order to provide Plaintiff full relief and to render Plaintiff's claims moot. Rule 68 was developed to encourage settlement and avoid litigation by providing clarity for entering into an Offer of Judgment. *Grosvenor v. Brienen*, 801 F.2d 944, 945 (7th Cir. 1986).

5

Rule 68 does not, however, require parties to enter into an Offer of Judgment. Defendants' Offer was an ordinary offer of settlement and not a Rule 68 Offer of Judgment. Defendants' Offer does not mention Rule 68 on the face of the letter and there is no discussion of allowing a judgment to be entered in this case, which is what Rule 68 contemplates. *Manzares*, 2012 U.S. Dist. LEXIS 58122, at *2. Where an offer is not made pursuant to Rule 68, applying that rule's timeframe for accepting an offer would be arbitrary.

3. *Plaintiff's motion to certify the class*

Ordinarily, simply determining that a plaintiff's case is moot dictates that his claim must be dismissed for lack of subject matter jurisdiction. *Holstein*, 29 F.3d at 1147. However, if the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 398, 100 S.Ct. 1202, 1209. Because the district court did not certify the class, Plaintiff cannot avail himself of the benefit of this exception to the mootness doctrine.

Even so, Plaintiff argues that Defendants should not be allowed to frustrate the purpose of collective actions as provided by Congress in the FLSA by buying-off named plaintiffs prior to class certification. While there is variance amongst circuit courts—some recognizing this concern—the rule in the Seventh Circuit is clear: to avoid mootness of plaintiff's claim, plaintiff must at least move for class action prior to receiving a complete offer of settlement. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894 (7th Cir. 2011); *see cf. Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–92 (9th Cir.2011); *Lucero v. Bureau of Collection Recovery, Inc.*,639 F.3d 1239, 1249–50 (10th Cir.2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920–21 (5th Cir.2008); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir.2004). Here, Plaintiff failed to even move for class certification until almost a month after receiving Defendants' offer—almost

6

a month after the evaporation of his personal stake in the case. That the Complaint identifies the suit as a potential class action is not enough by itself to keep the case in federal court. If the plaintiff does not seek class certification, a complaint—even one that clearly and in great detail describes the suit as a class action suit—will not survive dismissal of the plaintiff's suit. *Damasco*, 662 F.3d at 894.

Furthermore, even if Plaintiff has been granted conditional class certification, the class must have individuals opt-in to the class in order to preserve the suit from mootness. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (even conditional certification of a class would not save a complaint from dismissal unless the individuals had already opted-in before the named plaintiff's claim was mooted).

## IV. CONCLUSION

While Plaintiff's attorneys' may have intended to include Plaintiff's claim into a larger class action, they, first and foremost, have a fiduciary duty to act in the best interests of Plaintiff—not a potential class of plaintiffs. That remains true even when Plaintiff's best interests are satisfied by a complete offer of settlement, removing controversy from the case and possibly preventing an action from moving forward as a class action. For the foregoing reasons, Defendants' motion to dismiss is granted and this case is terminated.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 14, 2014